**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Sheng Feng Chen, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : Civil Action No.:_____ |
| Rubin & Rothman, LLC; and | : |
| Bank of America, N.A. | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

Plaintiff Sheng Feng Chen, by and through his undersigned counsel, seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., ("TCPA"), New York General Business Law §349, New York's Exempt Income Property Act ("EIPA"), and New York common law.

## JURISDICTION AND VENUE

1.      This action arises primarily out of violations of the FDCPA.  Pursuant to 15 U.S.C. §1692k(d), this Court has jurisdiction over actions arising out of violations of the FDCPA.

2.      Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy that is described herein.  The allegations against Bank of America, N.A., arise out of the same case and controversy that gives rise to the federal claims.

3.      Pursuant to 28 U.S.C. §1391(b), venue is proper in this District as the Plaintiff resides in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

4.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.      The Plaintiff is an adult individual residing in Queens, NY, and is a "consumer" as the term is defined by 15 U.S.C. §1692a(3).  Under the FDCPA, consumer "means any natural person obligated or allegedly obligated to pay any debt."  *Id.*

6.      Defendant Rubin & Rothman, LLC ("Rubin & Rothman") is an entity with an address at 1781 Veterans Highway, Islandia, NY, 11722.  Rubin & Rothman is a law firm specializing in debt collection, and is a "debt collector" as the term is defined by the FDCPA. *See* 15 U.S.C. §1692a(6).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  *Id.*

7.      Capital One (or "Creditor"), who is not a party, is an entity with its principal office located at 1680 Capital One Drive, McLean, VA, 22101.  Capital One does business in the State of New York, and offers a wide variety of credit card and financial services to consumers.

8.      Defendant Bank of America, N.A. ("Bank of America"), is an entity with its principal office located at 100 N. Tryon St., Charlotte, NC, 28202.  Defendant Bank of America is a retail bank with hundreds of branches in the City of New York.  The Plaintiff holds accounts with Bank of America; these accounts were opened in the City of New York.

2

9.      Defendant Rubin & Rothman has alleged that the Plaintiff incurred a financial obligation to Capital One in the approximate amount of $3,380.99 (the alleged "Debt").

10.     Upon information and belief, the alleged Debt was purchased, assigned, or transferred by Capital One to Rubin & Rothman, or Rubin & Rothman was employed by Capital One to collect the alleged Debt.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     Rubin & Rothman alleges that the Plaintiff incurred a financial obligation to Capital One in the approximate amount of $3,380.99 (the alleged "Debt").

13.     The FDCPA defines "debt" as "any obligation or allegedly obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. 1692a(5).

14.     In October of 2013, a judgment was entered against a person named "Sheng F. Chen" based on a motion on default by Rubin & Rothman.

15.     In November of 2013, the Defendants restrained two bank accounts belonging to the Plaintiff.

### Entry of Judgment

16.     In October of 2013, a judgment was entered against a person named "Sheng F. Chen" in Queens County Civil Court in the amount of $3,317.99.  This judgment was entered pursuant to a motion on default by Rubin & Rothman.

17.     Prior initiating the aforementioned case in Queens Civil Court, Rubin & Rothman was in possession of Capital One statements.  The most recent Capital One statement(s) indicated that "Sheng F. Chen" resided at "4435 Colden St. Apt. 6A, Flushing, NY 11355-4008." Nevertheless, Rubin & Rothman either 1) served process at a different address ("9560 Queens Blvd., #208, Rego Park, New York, NY 11374", or 2) failed to serve process entirely.

18.     The judgment entry, dated October 17, 2013, states that a judgment was entered against "Sheng F. Chen," who resides at "9560 Queens Blvd., #208, Rego Park, New York, NY 11374."  However, the Plaintiff has never resided at the address stated on the judgment entry.

19.     Being in possession of Capital One statements, Rubin & Rothman had every reason to know that the Plaintiff did not reside at 9560 Queens Blvd.

20.     Hence, Rubin & Rothman a) failed to properly serve the Plaintiff at his last known address, b) filed a motion on default, c) obtained a judgment against the Plaintiff, and d) deprived the Plaintiff of any opportunity to dispute the Debt.

**Telephone Harassment and Unfair Practices**

21.     Since October of 2013, the Plaintiff and his family have received more than thirty (30) calls from Defendant Rubin & Rothman.  During certain weeks since October, the Plaintiff and his family received calls about every day from Rubin & Rothman on their cellular phones.

22.     All cellular phones are registered to and owned by the Plaintiff under a family plan.  The Plaintiff did not provide Defendant Rubin & Rothman with permission to contact him on any cellular phone.  None of the Plaintiff's family members provided Defendant Rubin & Rothman with permission to contact them on any cellular phone.

4

23.     During the aforementioned calls to the Plaintiff and his family, the Defendant failed to disclose that 1) it was a debt collector, and 2) information gained from the call would be used for that purpose.  *See* 15 U.S.C. §1692e(11).

24.     The Defendant failed to send any written communication to the Plaintiff after the initial telephone call.  *See* 15 U.S.C. §1692g(a).  The Defendant failed to send the Defendant any notice of his right to dispute the alleged Debt.  *See* 15 U.S.C. §1692g(a)(3).

25.      Most of the aforementioned calls were answered by the Plaintiff's wife.  When the Plaintiff's wife received the calls, she explained to the caller that she needed to speak with someone who can communicate in a Chinese.  The caller from the Defendant's office would then hang up.  The Plaintiff's wife would then receive another call the next day or a few days later and ask, again, to speak with someone who can communicate in Chinese.  Nevertheless, the caller would hang up.  From October through December, this pattern and practice repeated every day or every few days.

26.     Defendant Rubin & Rothman continued to call the Plaintiff and his family with an English-speaking agent knowing that communication would be difficult or impossible.  Upon information and belief, Defendant Rubin & Rothman's practice of calling and hanging up was for the purpose of harassing the Plaintiff and his family.  Defendant Rubin & Rothman had no reason to place calls to the Plaintiff or his family on any of his cellular lines unless the caller was fluent in Chinese.

27.     Upon information and belief, Defendant Rubin & Rothman used the repeated calls to the Plaintiff and his family to annoy, abuse, and/or harass them: there was no other reason to make these repeated calls.

**Defendants' Improper Bank Restraint**

28.     Under New York's Exempt Income Protect Act ("EIPA"), a person issuing a

restraining notice on a banking institution must provide the banking institution with a copy of an

exemption notice and two copies of an exemption claim form.  CPLR §5222-a(b).  Furthermore,

a bank "shall not restrain" a debtor's account unless it receives all notices and forms from the

creditor.  *Id.* §5222a(b)(1).

29.     Under EIPA, a creditor cannot restrain the first $1,740.00 of any bank account,

regardless of the source of the funds.  *Id.* §§ 5205(l), 5222(i).  Any notice served on a bank to

restrain an account containing $1,740 or less shall be deemed void.  *Id.* §5222(i).

30.      In about November of 2013, the Plaintiff received by mail an undated letter from

Bank of America which stated that two bank accounts (a checking and savings account) had been

restrained.  Enclosed with the letter was an exemption claim form.  An exemption notice was not

contained in the aforementioned mailing or any other mailing.

31.     Upon information and belief, Rubin & Rothman failed to serve Bank of America

with a mandatory exemption notice.

32.     The failure to serve Bank of America with proper exemption forms as required by

EIPA renders the attachment void.  *See* CPLR §5222-a(b).

33.     On the date of the account restraint, the Plaintiff's savings account had a total

balance of $383.43.  This entire amount was attached, leaving the Plaintiff with a $0 balance in

his savings account.  Under EIPA, an account containing less than $1,740 cannot be restrained.

*Id.* §§ 5205(l), 5222(i).  Any notice to restrain an account with less than $1,7400 in funds is void.

*Id.* §5222(i).

34.     By failing to follow mandatory procedures under EIPA, Defendant Rubin & Rothman violated numerous provisions of the FDCPA.

35.     By failing to follow mandatory procedures under EIPA, Bank of America violated New York General Business Law §349.

**Deceptive Notices about Fees and Exemption**

36.     The Plaintiff received a letter dated November 12, 2013 ("November 12 Letter"). The sender's address on this letter was "5701 Horatio Street, Utica, NY 13502."  Although this address matches an address of Bank of America's, the letter did not contain a sender's name. "Bank of America" was not stated anywhere on the letter.

37.     The November 12th Letter stated that the Plaintiff was charged a $100 "non-refundable processing fee" in connection with the restraint of his savings account (which contained only $383.43).

38.     Under EIPA, if a banking institution cannot lawfully restrain an account, or the restraint placed on the account violates EIPA, the banking institution cannot charge any fees to the debtor.  *See* CPLR §5222(j).  Here, the restraint was clearly unlawful because the judgment creditor and/or its attorney failed to provide the bank with an exemption notice.  The restrain was also unlawful because more than $1,740.00 was restrained in violation of CPLR §5222(i).

39.     The statement that fees are "nonrefundable" is false and misleading, as any fees pursuant to an unlawful restraint cannot be charged and must be refunded.

40.     The aforementioned letter also stated, in part, ". . . please contact attaching party: RUBIN & ROTHMAN, LLC at 631-234-1400.  We are unable to return the funds to you unless we receive a release."   This statement is false and misleading, as the bank is required to return

fees charged through an improper attachment under EIPA.  A release is not required if the attachment is improper.

41.     Bank of America restrained funds from the Plaintiff's savings account (which contained only $383.43) without receiving an exemption notice from the purported judgment creditor or its attorney.  Bank of America's action, which violates EIPA, was deceptive, misleading, and negligent.

42.     The aforementioned acts of Bank of America violate New York General Business Law §349 and other laws described *infra*.

**Plaintiff Suffered Actual Damages as a Result of Defendants' Actions**

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

45.     As a direct consequence of the Defendants' acts, practices, and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and embarrassment.

46.     As a direct consequence of the Defendants' acts, practices, and conduct, the Plaintiff has lost access to his bank account and has suffered a financial loss.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     Rubin & Rothman's conduct violated 15 U.S.C. §1692d in that Defendant engaged in activity the natural consequence of which was to harass and oppress the alleged

8

debtor.  Rubin & Rothman's conduct violated 15 U.S.C. §1692d(6) in that Defendant placed calls to the Defendant and Defendant's family without meaningful disclosure of the caller's identity.

49.     Rubin & Rothman's conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive, and/or misleading representations to collect a debt.

50.     Rubin & Rothman's conduct violated 15 U.S.C. §1692e(10) in that Defendant used a false and deceptive means to collect a debt.

51.     Rubin & Rothman's conduct violated 15 U.S.C. §1692e(11) and §1692g(a) in that Defendant failed make proper disclosures as required by the FDCPA.

52.     Rubin & Rothman's conduct violated 15 U.S.C. §1692f in that Defendant used and unfair and/or unconscionable means to collect a debt.

53.     Rubin & Rothman's conduct violated 15 U.S.C. §1692f(1) and 15 U.S.C. §1692(e)(5) by attempting to collect an amount not authorized by law.

54.     Rubin & Rothman's conduct violated 15 U.S.C. §1692f(6) in that Defendant took a nonjudicial action to effect dispossession of property when such property was exempted by law.

55.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA against the Plaintiff, including but not limited to, every one of the above-cited provisions.

56.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## DEFENDANTS' VIOLATIONS OF
## NEW YORK GENERAL BUSINESS LAW § 349

57.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     New York General Business Law §349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

59.     By acting as a debt collector, Defendant Rubin & Rothman conducts "business' or provides a "service" within the meaning of New York General Business Law § 349.

60.     By acting as a retail bank with hundreds of branches in the State of New York, Defendant Bank of America conducts "business" or provides a "service" within the meaning of New York General Business Law § 349.

61.     Defendant Rubin & Rothman engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs ¶¶11-35, *supra*.  The aforementioned acts and omissions by Rubin & Rothman 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

62.     Defendant Bank of America engaged in deceptive acts and practices in connection with the business and services it provided to the Plaintiff by: 1) sending the Plaintiff a letter stating that "nonrefundable" fees were charged pursuant to the bank restraint, 2) sending the Plaintiff a letter which falsely and deceptively stated that retained amounts cannot be returned unless Rubin & Rothman submits a release, 3) restraining the Plaintiff's bank accounts without receiving all the required exemption forms from the judgment creditor (or its attorney), 4) restraining a bank account with less than $1,740.00 in funds, and 5) committing the actions and omissions described in paragraphs ¶¶ 28-42, *supra*.

63.     The aforementioned acts and omissions by Bank of America 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

64.     By reason of the conduct alleged above, Defendants engaged in deceptive conduct in violation of New York General Business Law § 349.

## COUNT III
## DEFENDANTS' VIOLATIONS OF EIPA

65.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     Defendant Rubin & Rothman violated CPLR 5222-a by failing to serve the Plaintiff's bank with an exemption notice.  This defect renders the attachment void under CPLR §5222-a(b).

67.     Defendant Bank of America charged a "nonrefundable" fee pursuant to unlawfully restraining the Plaintiff's accounts.  Bank of America's fees are impermissible under CPLR §5222(j).

68.     Defendants violated CPLR §5222(i) by restraining an account that contained less than $1,740.00 in funds.

69.     Pursuant to the Defendants' violations of EIPA, the Plaintiff is entitled to have the restraint voided and have the attached funds returned to him.

70.     Under CPLR §5420, the Plaintiff may request a judicial hearing to determine the rights and obligations of the debtor and the creditor with respect to the disputed funds.

71.     Under CPLR §5420, "any interested person" can request a court to modify, cancel, or extend any enforcement procedure.  Under CPLR §5239, a court may vacate an execution or levy, direct property, or award damages to any person claiming a property interest against a creditor.

72.     Under EIPA, the Plaintiff is entitled to cancellation of the restraint, cancellation of bank fees, the return of the attached funds, and damages.

**COUNT IV**
**RUBIN & ROTHMAN'S VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227, et seq.**

73.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.     Upon information and belief, Defendant Rubin & Rothman used an automatic dialing system to place calls to the Plaintiff and his family members.  An automatic dialing system is defined in 47 U.S.C. § 227(a)(1) as equipment that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator."

75.     Defendant Rubin & Rothman's conduct violated 47 U.S.C. § 227(b)(1)(A)(iii) in that Defendant used an automatic dialing system to call Plaintiff's cellular phones several times without Plaintiff's express permission.  Neither the Plaintiff nor the Plaintiff's family provided permission to the Defendant to place calls to cellular phones.

76.      The foregoing acts and omissions of the Defendant constitute a clear and manifest violation of the TCPA.

77.     The Plaintiff is entitled to damages as a result of Defendant Rubin & Rothman's violations.

**COUNT V**
**BANK OF AMERICA'S BREACH OF COVENANT**
**OF GOOD FAITH AND FAIR DEALING**

78.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79.     The Plaintiff made an agreement with Defendant Bank of America to receive banking services.

80.     Implied within any agreement between the Plaintiff and Bank of America were the covenants of good faith and fair dealing.  As such, each party had a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with discharging contractual performance and other duties according to the contracts terms, prohibits a party from taking an action or making any omission or engaging in any conduct which would have the effect of destroying or injuring the other party's right to obtain the benefits prescribed by the terms of the contract.

81.     By unlawfully restraining the Plaintiff's bank account and by providing the Plaintiff with false, deceptive, and misleading notices, and by committing the actions and omissions described in paragraphs ¶¶28-42, *supra*, Defendant Bank of America breached the implied covenant of good faith and fair dealing.

82.     The Plaintiff has sustained damages as a result of Defendant Bank of America's breach of the implied covenant of good faith and fair dealing.

**COUNT V**
**BANK OF AMERICA'S NEGLIGENCE**

83.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.     Bank of America, who provides banking services to the Plaintiff through a contractual relationship, owed a duty to the Plaintiff to not unlawfully restrain his account and impose fees.

85.     Bank of America breached its duty to the Plaintiff by 1) restraining his account without receiving an exemption notice from the judgment creditor or its attorney, and 2) restraining an account with less than $1,740.00 in funds.

86.     As a result of the forgoing act and/or omission by Bank of America, the Plaintiff was injured and suffered a monetary loss and an inability to use his bank account.  These injuries were the proximate cause of the Defendant's breach.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1.  Awarding the Plaintiff actual damages including, but not limited to, the emotional distress and economic loss the Plaintiff has suffered and continues to suffer as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. §1692k(a)(1);

2.  Awarding the Plaintiff statutory damages pursuant to 15 U.S.C. §1692k;

3.  Awarding the Plaintiff actual and statutory damages pursuant to New York General Business Law §349 against Defendants;

4.  Awarding the Plaintiff treble damages pursuant to New York General Business Law § 349(h);

5.  Awarding the Plaintiff the injunctive relief pursuant to New York General Business Law §349(h);

6.  Ordering the restraint on the Plaintiff's bank accounts be cancelled, and ordering all bank fees be removed, and ordering Rubin & Rothman to return the attached funds to the Plaintiff;

7.  Awarding the Plaintiff the greater of actual monetary loss or $500.00 for each call

placed in violation of the TCPA pursuant to 47 U.S.C. §227(c)(5) against

Defendant Rubin & Rothman;

8.  Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant

to 15 U.S.C. §1692k(a)(3); and

9.  Granting such other and further relief that the Court may deem just and proper.


**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated:  January 7, 2014

Respectfully submitted,

By:  /s/ Hashim Rahman
Hashim Rahman, Esq.
Rahman Legal
155 Water Street
Brooklyn, NY 11201
hrahman@rahmanlegal.com
Phone: (347) 433-6139
Fax: (347) 382-9457